UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARPENTERS' DISTRICT CONCIL OF | ) |
| GREATER ST. LOUIS AND VICINITY and | ) |
| TERRY M. NELSON, JOHN P. MULLIGAN, | ) |
| PATRICK J. SWEENEY, III, RENEE BELL, | ) |
| THOMAS G. HEINSZ, JOHN W. FISCHER, | ) |
| CARMELO D. CAPUTA, KEN STRICKER, | ) |
| JAMES, P. SCHMID, KIRK VERSEMAN, | ) |
| ALBERT BOND,  ROBERT CALHOUN, RON | ) |
| DICUS and ANGELO LANCIA, in their | ) |
| representative capacities as trustees of the | ) |
| CARPENTERS' PENSION TRUST FUND OF ST. | ) |
| LOUIS, and TERRY M. NELSON, JOHN P. | ) |
| MULLIGAN, PATRICK J. SWEENEY, III, | ) |
| RENEE BELL, THOMAS G. HEINSZ, JOHN W. | ) |
| FISCHER, CARMELO D. CAPUTA, KEN | ) |
| STRICKER, MICHAEL T. THUSTON, KIRK | ) |
| VERSEMAN, SCOTT BYRNE,  ROBERT | ) |
| CALHOUN, RON DICUS and ANGELO LANCIA | ) |
| in their representative capacities as trustees of the | ) |
| CARPENTERS' HEALTH AND WELFARE | ) |
| TRUST FUND OF ST. LOUIS, and TERRY M. | ) |
| NELSON, JOHN P. MULLIGAN, PATRICK J. | ) |
| SWEENEY, III, RENEE BELL, THOMAS G. | ) |
| HEINSZ, JOHN W. FISCHER, CARMELO D. | ) |
| CAPUTA, KEN STRICKER, JAMES P. SCHMID, | ) |
|  KIRK VERSEMAN, ROBERT CALHOUN and | ) |
| RON DICUS in their representative capacities as | ) |
| trustees of the CARPENTERS' VACATION | ) |
| TRUST FUND OF ST. LOUIS and TERRY M. | ) |
| NELSON, RENEE BELL, PATRICK J. | ) |
| SWEENEY, III, ROBERT BEHLMAN, THOMAS | ) |
| G. HEINSZ, DOYLE PAUL, MICHAEL T. | ) |
| THUSTON, TONY PRINCE, RON DICUS, and | ) |
| ROBERT WOLF in their representative capacities | ) |
| as trustees of the CARPENTERS' JOINT | ) |
| TRAINING FUND OF ST. LOUIS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ANTHONY BALL, an individual, d/b/a | ) |
| ANTHONY BALL CONSTRUCTION, | ) |
| | ) |

Defendant.                    )

## COMPLAINT

Plaintiffs state as follows for each Count of their Complaint:

### Facts Common to all Counts

1. Jurisdiction of this cause of action and the parties to it is conferred upon this Court by subsections (a), (b), and (c) of Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185.  Jurisdiction of this cause of action and the parties to it is also conferred by Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132(e)(1) and (f).  Venue in this Court is appropriate by virtue of Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

2. Plaintiff Carpenters' District Council of St. Louis (the "Union") is an unincorporated association comprised of and representing persons engaged in carpentry, joining, and related activities.  The Union is a "labor organization" within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185, and is an "employee organization" within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4).  The Union maintains its principal offices within this judicial district.  The Union is and was at all times material here the collective bargaining representative of all employees in its bargaining units employed by defendant.

3. The Carpenters' Pension Trust Fund of St. Louis (the "Pension Trust"), the Carpenters' Health and Welfare Trust Fund of St. Louis (the "Welfare Trust"), and the Carpenters' Vacation Trust of St. Louis (the "Vacation Trust") (collectively referred to as "the Funds"), are all

employee benefit plans within the meaning of Sections 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §1002(3) and §1132(d)(1), and are multi-employer plans within the meaning of Sections 3(37)(A) and 515 of ERISA, 29 U.S.C. §§1002(37)(A) and 1145, maintaining offices within this judicial district.  Plaintiffs Terry M. Nelson, John P. Mulligan, Patrick J. Sweeney, III, Renee Bell, Thomas Heinsz, John W. Fischer, Carmelo D. Caputa, Ken Stricker, James P. Schmid, Kirk Verseman, Albert Bond, Robert Calhoun, Ron Dicus and Angelo Lancia constitute the joint board of trustees of the Pension Trust and are the plan sponsor of the Pension Trust within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. §1002(16)(B), and are fiduciaries of the Pension Trust within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to that fund. Plaintiffs Terry M. Nelson, John P. Mulligan, Patrick J. Sweeney, III, Renee Bell, Thomas Heinsz, John W. Fischer, Carmelo D. Caputa, Ken Stricker, Michael T. Thuston, Kirk Verseman, Scott Byrne, Robert Calhoun, Ron Dicus and Angelo Lancia constitute the joint board of trustees of the Welfare Trust and are the plan sponsor of the Welfare Trust within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C §1002(16)(B), and are fiduciaries of the Welfare Trust within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to that fund.  Plaintiffs Terry M. Nelson, John P. Mulligan, Patrick J. Sweeney, III, Renee Bell, Thomas Heinsz, John W. Fischer, Carmelo D. Caputa, Ken Stricker, James P. Schmid,  Kirk Verseman, Robert Calhoun and Ron Dicus constitute the joint board of trustees of the Vacation Trust and are the plan sponsor of the Vacation Trust within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C §1002(16)(B), and are fiduciaries of the Vacation Trust within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to that fund.  Plaintiffs Terry M. Nelson, Renee Bell, Patrick J. Sweeney, III, Robert Behlman, Thomas G. Heinsz, Doyle Paul, Michael T. Thuston, Tony Prince, Ron Dicus

and Robert Wolf constitute the joint board of trustees of the Carpenters' Joint Training Fund of St. Louis and are the plan sponsor of the Training Fund within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C §1002(16)(B), and are fiduciaries of the Training Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to that fund.

4. Defendant Anthony Ball is an individual conducting business under the name Anthony Ball Construction. Defendant is an employer in an industry affecting commerce within the meaning of Sections 2(2), 2(6), and 2(7) of the NLRA, 29 U.S.C. §§152(2), 152(6), and 152(7), and within the meaning of Sections 3(5), 3(11), 3(12), and 515 of ERISA, 29 U.S.C. §§1002(5), 1002(11), 1002(12), and 1145.

5. Defendant is party to a collective bargaining agreement with the Union, a copy of which is attached hereto as Exhibit 1.

6. The Agreement to which defendant is party requires the defendant to contribute to the Funds and other entities (including the United Siding Contractors Association of Greater St. Louis) at rates determined pursuant to the Agreement, through the electronic purchase of fringe benefit stamps. See Article X of Exhibit 1 hereto.

7. The Agreement requires employers who are delinquent in fringe benefit contributions to pay liquidated damages of twenty percent (20%), interest at the rate of ten percent (10%) per annum, attorneys' fees and court costs. See Article VIII of Exhibit 1 hereto.

8. The Agreement requires employers to submit to an audit by plaintiffs. See Article VIII of Exhibit 1 hereto.

9. Under the terms of the Agreement, defendant has been and is bound to the trust agreements creating the Pension Trust, the Welfare Trust, and the Vacation Trust.

## Count I

Come now plaintiffs, and for Count I of their Complaint against defendant Anthony Ball, an individual, doing business as Anthony Ball Construction allege and state as follows:

10. In violation of the Agreement and in violation of Section 515 of ERISA, 29 U.S.C. §1145, defendant has failed and refused to make all obligated contributions to the Funds and to forward to the Union all the deducted dues.

11. The exact amounts of defendant's delinquent cannot be ascertained absent a comprehensive audit and discovery.

WHEREFORE, for Count I of their Complaint against Anthony Ball, an individual, doing business as Anthony Ball Construction plaintiffs pray for:

- (a) An Order that defendant Anthony Ball, an individual, doing business as Anthony Ball Construction submit to an audit.
- (b) A Judgment for contributions owed to the plaintiffs.
- (c) A Judgment for twenty percent (20%) liquidated damages and interest calculated at ten percent (10%) per annum.
- (d) A Judgment for plaintiffs' attorneys' fees and court costs.
- (e) Such other relief as the Court deems appropriate.

## Count II

Come now plaintiffs and for Count III of their Complaint against defendant Anthony Ball, an individual, doing business as Anthony Ball Construction state as follows:

12. Article III of the collective bargaining agreement provides that:

> Owner/operators working with their tools will be required to report a minimum of one hundred thirty hours (130) per month.

13. Pursuant to this provision, defendant was required to pay contributions for work by Anthony Ball at the rate of 130 hours per month.

14. Defendant failed to comply with this provision.

15. For the period of May 2005 through March 2007, defendant owes $16,131.26 in contributions for hours based on work by Anthony Ball.  See Exhibit 2 hereto.

WHEREFORE, plaintiffs request the following relief from defendant Anthony Ball, an individual, doing business as Anthony Ball Construction on Count II of their Complaint:

(a) A Judgment for $16,131.26 as and for contributions owed based on work by Anthony Ball during the period of May 2005 through March 2007.

(b) A Judgment for twenty percent (20%) liquidated damages on this amount.

(c) A Judgment for interest computed at ten percent (10%) per annum on this amount.

(d) A Judgment for plaintiffs' attorneys' fees and costs.

(e) Such other relief as the Court deems appropriate.

        Respectfully submitted,

        HAMMOND, SHINNERS, TURCOTTE,
        LARREW & YOUNG, P.C.
        7730 Carondelet, Suite 200
        St. Louis, Missouri 63105
        Phone: (314) 727-1015
        Fax:   (314) 727-6804

        GREG A. CAMPBELL, #2774

        Attorney for Plaintiffs

### Certificate of Service

The undersigned certifies that a copy of the foregoing has been electronically filed with the U.S. District Court on June 22, 2007 and copies have been served by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013; and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C. 20220.